UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL        'O'    JS-6

| Case No. | 2:22-cv-07586-CAS | Date | December 20, 2023 |
|---|---|---|---|
| Title | ALREDO RAMON CERDA v. W. Z. JENKINS II ET AL. | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

Not Present                                         Not Present

**Proceedings:**     (IN CHAMBERS) - PETITION FOR WRIT OF HABEAS CORPUS (Dkt. 1, filed on October 18, 2022)

## I.  INTRODUCTION

Presently before the Court is petitioner's petition for a writ of habeas corpus.

In January 2016, Mexico issued an arrest warrant for petitioner, charging him with (1) statutory rape as defined in Article 177 of the Criminal Code of the State of Baja California, Mexico, and (2) aggravated sexual abuse against someone younger than 14, in violation of Articles 180 Bis and 180 Ter, Section II of the Criminal Code of the State of Baja California. The warrant was signed by Mexican Judge Melgoza Ortega.

On November 23, 2020, Mexico submitted its formal extradition request to the United States pursuant to the applicable Treaty.[1] On September 9, 2021, in accordance with its extradition treaty obligations, the United States filed its complaint for an arrest warrant and extradition. U.S. v. Alredo Ramon Cerda, 22-cv-07586-CAS-GJS (Oct. 4, 2022, C.D. Cal.), dkt. 18 ("Compl."). On November 19, 2021, the United States Marshals Service (the "Marshals") arrested Cerda in Indio, California.

---

[1] Extradition Treaty Between the United States of America and the United Mexican States, U.S.-Mex., May 4, 1978, 31 U.S.T. 5059, as amended by the Protocol to the Extradition Treaty Between the United States of America and the United Mexican States of May 4, 1978, U.S.- Mex., Nov. 13, 1997, S. Treaty Doc. No. 105-46 (1998) (collectively referenced herein as the "Treaty").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL        'O'   JS-6

| Case No. | 2:22-cv-07586-CAS | Date | December 20, 2023 |
|---|---|---|---|
| Title | ALREDO RAMON CERDA v. W. Z. JENKINS II ET AL. | | |

After a full briefing from the parties and a hearing, the magistrate judge certified the U.S. government's extradition request on October 4, 2022. Dkt. 10 at 9.

On October 18, 2022, Cerda filed the instant petition for writ of habeas corpus. Dkt. 1 ("Writ"). On November 14, 2022, he filed a memorandum in support of his petition. Dkt. 10 ("Memo."). On December 16, 2022, the United States filed an opposition. Dkt. 11 ("Opp."). On December 19, Cerda filed a reply. Dkt. 19 ("Reply").

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.    BACKGROUND

The history and facts of this case are well-known to the parties and set forth in the magistrate judge's order certifying extradition. U.S. v. Alredo Ramon Cerda, 22-cv-07586-CAS-GJS (Oct. 4, 2022, C.D. Cal.), dkt. 82 ("Order").

According to Mexican authorities, on or about October 18, 2012, Maria Teresa Sanchez Lopez filed a report with the Public Prosecutor alleging that Cerda sexually abused L.N.S.A., her nine-year old daughter, and three other children who are siblings - S.L.G.J. (a nine-year-old girl); B.L.G.J. (an eight-year-old girl), and J.E.G.J. (a seven-year-old boy). Compl. at 10. She also reported that petitioner had offered to buy her silence and threatened her. Id. at 13.

As part of their investigation, Mexican authorities took statements from Maria Lopez, her aunt (M.T.S.L.), her husband (A.H.S.), and the child victims, all of whom documented petitioner's sexual abuse and threats. Id. at 10-16. In addition, Mexican authorities obtained expert psychological opinions that determined the child victims had been psychologically affected and required psychological treatment; obtained documentary evidence; conducted identification proceedings; and searched petitioner's residence. Id. at 16.

## III.    LEGAL STANDARD

Because Congress has not created a mechanism for appealing a certification of extraditability, the only way to challenge such a certificate is to bring a habeas petition. Santos, 830 F.3d at 1001 (quoting Vo v. Benov, 447 F.3d 1235, 1240 (9th Cir. 2006)). In reviewing such a petition, the district court is limited to considering whether:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'   JS-6

| Case No. | 2:22-cv-07586-CAS | Date | December 20, 2023 |
|---|---|---|---|
| Title | ALREDO RAMON CERDA v. W. Z. JENKINS II ET AL. | | |

(1) the extradition magistrate had jurisdiction over the individual sought, (2) the treaty was in force and the accused's alleged offense fell within the treaty's terms, and (3) there is 'any competent evidence' supporting the probable cause determination of the magistrate.

Id. (quoting Vo, 447 F.3d at 1240). The extradition court's conclusions of law are reviewed de novo, while its factual findings are reviewed for clear error. Id. Procedural rulings—e.g., whether to allow discovery or to enforce briefing deadlines—are reviewed for abuse of discretion. Quinn v. Robinson, 783 F.2d 776, 817 n.41 (9th Cir. 1986).

## IV.   DISCUSSION

Plaintiff argues that the Court should grant his petition because (1) extradition is barred under the Treaty's "lapse of time" provision, which Cerda contends incorporates the Speedy Trial clause; and (2) the magistrate judge erred in finding probable cause that Cerda committed the offenses in question.[2] The Court addresses each argument in turn.

### A.   "Lapse of Time" Provision and the Speedy Trial Clause

Article 7 of the Treaty provides that:

Extradition shall not be granted when the prosecution or the enforcement of the penalty for the offense for which extradition has been sought has become barred by the lapse of time according to the laws of the requesting or requested Party. Compl. at 25.

Cerda argues that the Sixth Amendment's Speedy Trial Clause is a "law[] of the . . . requested party" – here, the United States – that "bar[s] prosecution" based on the lapse of time." Mot. at 11. Cerda contends that historical context supports his interpretation, as the drafters of the current treaty deliberately changed the phrase "barred by limitation" to the broader phrase "barred by the lapse of time." Id. at 12. Additionally, at the time that the Treaty was negotiated, a district court had previously interpreted the phrase "lapse of time or other lawful cause" to include Speedy Trial rights. In re Mylonas, 187 F. Supp. 716 (N.D. Ala. 1960), abrogated by Martin v.

---

[2] In reply, Cerda additionally argumes that the Court should defer proceedings pending a competency hearing. Reply at 1. The Court has previously ruled on this argument in a separate order and does not address it here. See dkt. 23.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**       'O'       JS-6

| Case No. | 2:22-cv-07586-CAS | Date | December 20, 2023 |
|---|---|---|---|
| Title | ALREDO RAMON CERDA v. W. Z. JENKINS II ET AL. | | |

Warden, Atl. Penitentiary, 993 F.2d 824 (11th Cir. 1993). Cerda alleges that the drafters likely relied on this decision, even if it was abrogated after the Treaty was finalized. Mot. at 12. He notes that the Ninth Circuit has not addressed whether the Treaty's "lapse of time" provision includes the Speedy Trial clause. Id. at 12-13. He claims that, under the four factors relevant to evaluating a Speedy Trial clause claim, his prosecution would be barred and so too would his extradition. Id. at 13-16.

In opposition, the United States argues that "courts have consistently interpreted such lapse of time provisions as referring to statu[t]es of limitation only, not the Speedy Trial Act or other timeliness provisions." Opp. at 12 (citing U.S. v. Martinez, 828 F.3d 451, 464 (6th Cir. 2016)). While the Ninth Circuit has not directly addressed this issue, "a number of courts within the circuit, including this one, have rejected claims that fugitives' extraditions to Mexico were barred by the Speedy Trial Clause." Id. at 14 (citing Gonzalez v. O'Keefe, No. C 12-2681 LHK (PR), 2014 WL 6065880 (N.D. Cal. Nov. 20, 2014)).[3] The United States emphasizes that "[n]either the Fifth nor Sixth Amendment demand a fixed time limit for finding speedy-trial, or related, violations." Id. at 14. It asserts that "incorporating such constitutional principles into a treaty provision would require courts to assess the reasonableness of a foreign government's actions without sufficient information about that country's procedures, either in general or in the specific case." Id. at 14-15. It further contends that "the U.S. Constitution does not impose a duty upon foreign governments to act swiftly in seeking the extradition of fugitives from the United States" and the United States has an "overriding foreign relations interest in complying with treaty obligations." Id. at 13, 15. Finally, it notes that the Treaty uses different language than the treaty at issue in Mylonas. Id. at 15.

In reply, Cerda underscores that the plain text of the Treaty encompasses the Speedy Trial Clause as "a law that acts to bar prosecutions for 'lapse of time.'" Reply at 3. He contends it is irrelevant that the Speedy Trial Clause does not demand a fixed time limit because "the Treaty's lapse-of-time provision says nothing about a fixed time limit." Id. For example, statutes of limitations do not have fixed time limits because they can be tolled for many reasons. Id. Cerda claims that the United States' interest in

---

[3] The United States also notes that 'the Ninth Circuit has twice rejected an extradition fugitive's attempt to avoid extradition by relying on delay unrelated to a statute of limitation. Id. at 14 (citing In re Extradition of Kraiselburd, 786 F.2d 1395 (9th Cir. 1986), Kamrin v. United States, 725 F.2d 1225 (9th Cir. 1984)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'   JS-6

| Case No. | 2:22-cv-07586-CAS | Date | December 20, 2023 |
|---|---|---|---|
| Title | ALREDO RAMON CERDA v. W. Z. JENKINS II ET AL. | | |

complying with treaty obligations is "unavailing" here because Cerda is a U.S. citizen, and the U.S. therefore has no obligation to extradite him. Id. at 4.

The Court agrees with the district courts which have understood the Treaty's "lapse of time" provision to refer only to the running of statutes of limitations rather than the Speedy Trial Clause. See, e.g., Luna v. O'Keefe, No. 17-CV-02129-LHK, 2018 WL 784783, at *4 (N.D. Cal. Feb. 8, 2018) (finding that "the 'lapse of time' provision does not incorporate the Sixth Amendment's Speedy Trial Clause"); Gonzalez, No. C 12-2681 LHK (PR), 2014 WL 6065880, at *2 (finding that the Treaty's "lapse of time" provision "refers only to the running of the statute of limitations rather than a speedy trial right"). Here, Cerda "does not allege a violation of either country's statute of limitation." Opp. at 12 n.7. Accordingly, Cerda's extradition is not barred by the Treaty's "lapse of time" provision.

### B. Probable Cause

Both parties agree that probable cause in an extradition case requires the existence of "evidence sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the accused's guilt." Mot. at 16, Reply at 17. Cerda argues that the magistrate judge erred in finding probable cause because (1) the witness statements offered by Mexican authorities do not describe conduct prohibited by the charging statutes; and (2) the internally contradictory witness statements are insufficient to show probable cause.

#### 1. Conduct Prohibited by the Charging Statutes

Cerda argues that the magistrate judge erred in finding probable cause because the witness statements offered by Mexican authorities do not describe conduct prohibited by the two charging statutes i.e., acts of "intercourse" and "copulation" with minors. Article 180 of Criminal Code of Baja California provides that "[w]hoever . . . with or without the consent of a person under the age of fourteen years . . . performs or forces to perform a sexual intercourse without intending to have copulation with the latter, shall be imposed a penalty." Mot. at 17-18. Cerda claims that here, the witness statements at most show that petitioner forced the minors to touch, bite, and kiss his genitals, none of which constitute "intercourse" by the term's plain meaning. Id. at 18.

Furthermore, Article 177 of the Baja California Code provides that "[w]hoever copulates with a person under the age of fourteen years . . . shall be imposed

Case 2:22-cv-07586-CAS   Document 26   Filed 12/20/23   Page 6 of 8   Page ID #:195

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      **'O'**   **JS-6**

| Case No. | 2:22-cv-07586-CAS | Date | December 20, 2023 |
|---|---|---|---|
| Title | ALREDO RAMON CERDA v. W. Z. JENKINS II ET AL. | | |

imprisonment." Id. Article 176, which has to do with rape and is not one of the charging statutes in this case, defines "copulation" to include "the insertion of the male member in the body of the victim through the vagina, the anus, or the mouth." Id. Judge Melgoza Ortega relied on the Article 176 definition of "copulation" when issuing the arrest warrant for Cerda. Cerda asserts that Judge Ortega's reliance on the Article 176 definition was mistaken because Article 176 defines copulation only "[f]or the purposes of this Article" and not for Article 177. Id. He alleges that the plain meaning of the word "copulation" would not encompass the genital biting and/or kissing that was alleged in the witness statements here. Id. Cerda contends that the magistrate judge erred when he found that he had to "defer to Mexico's interpretation of its own laws" unless the Mexican court's warrant was lacking in "*any* basis" because "[a] magistrate judge cannot certify extradition unless there is probable cause of each element of the offense." Id. at 19.

In opposition, the United States "urges this Court to defer to Mexico's interpretation of its own laws to find probable cause and uphold the decision of the Extradition Court." Opp. at 19. Judge Melgoza Ortega allegedly "explained that Article 180 Bis. prohibits a person from committing a 'sexual act without intending to carryout sexual intercourse' with a person under age fourteen." Id. at 20. Judge Ortega found that the elements for this crime were satisfied. Id. The United States contends that "the Extradition Court followed controlling Supreme Court and Ninth Circuit precedent when it deferred to Mexico's interpretation of its own laws" and asks this Court to do the same. Id. at 21.

In reply, Cerda again argues that the magistrate judge "has an independent duty to determine that there is probable cause of each element of the offense." He claims that "the evidence presented did not show probable cause of 'intercourse' or 'copulation'" and therefore there "was no probable cause." Reply at 5.

The Court finds that the magistrate judge did not err in deferring to Mexico's interpretation of the elements of its own criminal statutes. See Grin v. Shine, 187 U.S. 181, 190 (1902) ("It can hardly be expected of us that we should become conversant with the criminal laws of [the country seeking extradition]."). Here, the Mexican authorities have provided various statements from the four children detailing petitioner's alleged sexual abuse. This evidence is sufficient to establish probable cause that petitioner committed the requisite elements of both offenses, as interpreted by Judge Ortega.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:22-cv-07586-CAS | Date | December 20, 2023 |
|---|---|---|---|
| Title | ALREDO RAMON CERDA v. W. Z. JENKINS II ET AL. | | |

2. <u>Credibility of Witness Statements</u>

In the alternative, Cerda argues that the magistrate judge erred in finding probable cause because the witness statements are internally inconsistent and because the Mexican authorities may not have provided all available evidence. Cerda identifies a series of alleged inconsistencies in each of the four childrens' statements. For example, he alleges that L.N.S.A's statement was signed not by her but by J.E.G.J. Mot. at 20. He contends that L.N.S.A.'s timeline of events does not align with B.L.G.J.'s statement, and that S.L.G.J's statement indicating multiple instances of oral sexual abuse is contradicted by L.N.S.A.'s statement indicating only a single instance. <u>Id.</u> at 21-22. He also claims that statements of alleged second-hand witnesses are not credible because neither Ms. Sanchez Lopes or Ms. Sanchez Arias claim to have witnessed any act of abuse. <u>Id.</u> at 22. Finally, he argues that the failure to present all evidence in support of an extradition request can undermine a probable-cause finding. Here, Cerda notes that Judge Ortega "seems to reference a statement by L.N.S.A. that was not provided." <u>Id.</u> at 23. Additionally, some of the statements indicate that Ms. Sanchez Arias had recorded the scene, but no recording was provided. <u>Id.</u>

In opposition, the United States argues that "credibility determinations are outside the scope of an extradition proceeding." Opp. at 22. It cites a series of cases where this court has "rejected probable cause challenges based on attacks to the credibility of witness statements provided in support of extradition requests." <u>Id.</u> at 23. It further contends that the slight inconsistencies in the testimony of the children here, who were all 7-9 years old at the time their statements were taken, do not impugn their credibility. The children may have been scared, embarrassed, had limited vocabularies, lacked a full understanding of what was happening, and/or "fail[ed] to reveal the full extent of the abuse to each other or those who were questioning them." <u>Id.</u> at 23-24. The government argues that, "[s]hould petitioner wish to impugn the credibility of the children and witnesses by pointing to any alleged inconsistencies among their statements to authorities, he must do so in proceedings before the Mexican court, and not before this Court in an extradition proceeding." <u>Id.</u> at 24.

In reply, Cerda argues that to "suggest that an extradition court must ignore any such contradictions in the evidence presented . . . would be to demand that the probable cause standard is completely blind to logic and common sense." Reply at 5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'   JS-6

| Case No. | 2:22-cv-07586-CAS | Date | December 20, 2023 |
|---|---|---|---|
| Title | ALREDO RAMON CERDA v. W. Z. JENKINS II ET AL. | | |

The Court finds that, to the extent Cerda is challenging the credibility of the witnesses against him, such challenges should be brought before a Mexican court. Unlike this Court, a Mexican court would be presented with a complete record and all available evidence. It would thus be better positioned to assess the credibility of the government's witnesses. Accordingly, the magistrate judge did not err in finding that probable cause exists despite Cerda's concerns about the credibility of the witnesses against him.

## V.  CONCLUSION

In accordance with the foregoing, the Court **DENIES** Cerda's petition for writ of habeas corpus.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |